**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00578-CR

———————————

**HOMERO YADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1397026**

---

## MEMORANDUM OPINION

The State filed a petition in a Harris County juvenile court alleging that Homero Yado, at age sixteen, engaged in delinquent conduct by committing aggravated robbery with a deadly weapon. On the State's motion, the juvenile court waived its jurisdiction and transferred the case to a criminal district court,

where Yado could be tried as an adult. There, Yado entered into a plea agreement with the State. In keeping with that agreement, the trial court assessed Yado's punishment at ten years' imprisonment, but it certified Yado's right to pursue this appeal of the juvenile court's waiver of jurisdiction.

On appeal, Yado contends that the juvenile court erred in failing to make the specific findings required by section 54.02 of the Juvenile Justice Code and in misapplying the factors set forth in that section to the evidence presented. Pursuant to *Moon v. State*, 451 S.W.3d 26 (Tex. Crim. App. 2014), we vacate the judgment of the criminal district court and dismiss the criminal case.

### Background

Approximately a month after Yado's sixteenth birthday, he was apprehended and charged with engaging in delinquent conduct by committing aggravated robbery with a deadly weapon.

At the hearing on the State's motion to try Yado as an adult, the trial court heard testimony from a Houston Police Department officer and from Yado's mother and sister. The court also admitted exhibits containing psychological and psychiatric reports summarizing evaluations of Yado's competency and level of maturity.

2

## Discussion

Under section 54.02 of the Juvenile Justice Code, a juvenile court may waive its exclusive original jurisdiction and transfer a child to adult criminal proceedings in district court if it finds that:

(1)     the child is alleged to have violated a penal law of the grade of felony;

(2)     the child was . . . 14 years of age or older at the time [of the alleged] offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree[;] and

(3)     after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

TEX. FAM. CODE ANN. § 54.02(a) (West 2014). In reaching its determination on the third requirement, the juvenile court must consider:

(1)     whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against people;

(2)     the sophistication and maturity of the child;

(3)     the record and previous history of the child; and

(4)     the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f) (West 2014). If the juvenile court waives jurisdiction, it must "state specifically" in its order its reasons for waiver. *Id.* § 54.02(h) (West 2014).

In *Moon v. State*—decided after the juvenile court signed the transfer order in this case—the Court of Criminal Appeals addressed the specificity required in a juvenile district court's transfer order, as well as the standard of appellate review applicable in an appeal from that order. *See* 451 S.W.3d at 44–48. *Moon* observed that a juvenile court must balance the factors within section 54.02(f) of the Juvenile Justice Code against the potential danger to the public posed by the particular juvenile offender and the juvenile offender's amenability to treatment. *Id.* at 49. If the juvenile court decides to waive jurisdiction over the child, then the statute directs it to "state specifically" in a written order "its reasons for waiver and [to] certify its action, including the written order and findings of the court." *Id.* (quoting Tex. Fam. Code Ann. § 54.02(h)).

The State agrees that *Moon* is dispositive of this appeal. The transfer order in this case suffers from the same defects identified in the order found deficient in *Moon*. The order form used in this case is substantially the same as the one used in *Moon*. The orders differ only in the content of the filled-in blanks identifying the juvenile's name and date of birth, the retention and identity of defense counsel, confirmation of service of process on a parent, and the date and type of the felony the juvenile allegedly committed. Like the transfer order in *Moon*, the order in this

4

case makes no findings about the specifics of the alleged offense—here, aggravated robbery—and finds no more than probable cause to believe that Yado committed the offense alleged. *See id.*

The juvenile court made no case-specific findings of fact with respect to the seriousness of the offense, Yado's maturity and potential for rehabilitation, or the prospects for adequate public protection. *See* TEX. FAM. CODE ANN. § 54.02(f); *Moon*, 451 S.W.3d at 50. In keeping with *Moon*, we hold that the juvenile court erred in granting a waiver of jurisdiction based only upon a finding of probable cause, without expressly determining the findings required by statute to support certification of a juvenile to be tried as an adult.

## Conclusion

We hold that the juvenile court erred in waiving its jurisdiction and transferring Yado's case to the criminal district court. Accordingly, as the parties request, we vacate the district court's judgment and dismiss the case; the case remains pending in the juvenile court. *See id.* at 52 n.90.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).